IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT GENE ROSS,

      Plaintiff,

v.                                            No. CIV-05-1086 BB/LFG

JOSE ROMERO,
Lt. RICHARD HENDERSON,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      The complaint alleges that Plaintiff and a number of other inmates were moved from one housing unit to another. At the time of the move, Defendants instructed the inmates to pack up much

of their personal property for storage. Later, when Plaintiff asked to retrieve his property, he was advised that the property could not be found. Plaintiff contends that the loss of his property violated his rights under the due process and cruel and unusual punishment clauses. He seeks an order for an earlier release date and damages.

Under current Tenth Circuit precedent, Plaintiff's allegations do not support a due process claim. In *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999), the court announced that the Supreme Court's ruling in *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), applies to allegations of property deprivations. In *Sandin* the Court had ruled that an inmate's liberty interests are limited to freedom from significant hardships atypical of ordinary incidents of prison life. The Tenth Circuit then applied *Sandin*'s reasoning to plaintiff Cosco's allegations of property confiscation, "return[ing] the focus of our due process inquiry from 'the language of a particular regulation' to 'the nature of the deprivation,' " *Cosco*, 195 F.3d at 1223 (quoting *Sandin*, 515 U.S. at 481), and affirmed dismissal of the claims. Plaintiff's assertion that corrections department policies created a property interest "is precisely the methodology rejected by the Supreme Court in *Sandin*." *Cosco*, 195 F.3d at 1224. Plaintiff's due process claim will be dismissed.[1]

Plaintiff also claims that the property deprivation violated his Eighth Amendment protection against cruel or unusual punishment. The basis of this claim is that the loss of Plaintiff's "legal materials" prevented him from prosecuting a successful attack on his conviction. He was thus denied access to the courts, resulting in a longer prison term. Even assuming the truth of Plaintiff's allegations for purposes of this opinion, he does not allege "relevant actual injury," *Lewis v. Casey*,

---

[1] In Plaintiff's Motion To Include New Information (Doc. 7), he cites to *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978), in support of his claim. The Court notes that the opinion in *Martinez* affirmed the district court's dismissal of civil rights claims based on confiscation of personal property. 570 F.2d at 318-19.

518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). The Court notes that Plaintiff has previously filed a habeas corpus proceeding, and that he also has a case pending in state court. The court will dismiss Plaintiff's Eighth Amendment claim.

Last, a significant part of the relief that Plaintiff seeks--reduction of the term of his sentence--is not available.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." [Plaintiff]'s complaint states such a claim. Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). This claim will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's civil rights claims are DISMISSED with prejudice; his claim for reduction of sentence is DISMISSED without prejudice; pending motions are DENIED as moot; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

/s/ Bruce D. Black
UNITED STATES DISTRICT JUDGE