**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERT GENE ROSS,

      Plaintiff,

v.                              No. CIV-05-1086 BB/LFG

JOSE ROMERO,
Lt. RICHARD HENDERSON,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 11) and motion for hearing (Doc. 12), both filed December 9, 2005. Plaintiff filed the motions within ten days after entry of the order and judgment entered November 28, 2005, which dismissed his complaint. The reconsideration motion challenges the substantive analysis in the order of dismissal and is therefore construed under Fed. R. Civ. P. 59(e). *See Jennings v. Rivers*, 394 F.3d 850, 855 and n.4 (10th Cir. 2005). Plaintiff asks the Court to vacate the dismissal order and allow his claims to be litigated.

      Proper grounds for a rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. John Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). Of these three grounds, Plaintiff does not argue that the law has changed or new evidence has appeared. His argument, therefore, is that the Court should correct error or prevent injustice by setting aside the dismissal order.

      The allegations in Plaintiff's rule 59(e) motion do not justify granting the relief he seeks. The Court dismissed Plaintiff's two cognizable civil rights claims because no relief could be granted on

his allegations of deprivation of certain personal property. His claim for sentence reduction was dismissed without prejudice as not cognizable in an action under 42 U.S.C. § 1983. Plaintiff appears to concede that a claim for sentence adjustment must be brought in a habeas corpus proceeding. He asserts a number of reasons why his property claims should be litigated, including the following: his loss was not an isolated incident; certain state policies protect his property; correctional officers tricked him; he needed the property because he was receiving mental health treatment; the result of a pending state-court proceeding might have affected this case; and the loss caused him emotional distress. These allegations do not show clear error in the prior order or manifest injustice resulting therefrom. *See Servants of the Paraclete*, 204 F.3d at 1012. The motion will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Doc. 11) filed December 9, 2005, construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), is DENIED; and the motion for hearing (Doc. 12) filed December 9, 2005, is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE